UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 11-96-JMH-JGW
CIVIL ACTION NO. 13-7280-JMH

**UNITED STATES OF AMERICA**                         **PLAINTIFF**

**V.**

**CHARLES FRYMAN**                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

On June 03, 2013, defendant Charles Fryman ("Defendant") filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his federal conviction and sentence. (Doc. 54). The United States filed a response (Doc. 65) and defendant replied (Doc. 66).

**I. Factual and Procedural History**

Defendant was indicted for two counts of Possession of a Firearm by a Convicted Felon, 18 U.S.C. §922(g)(1), and two counts of Possession of a Firearm after a Misdemeanor Conviction for Domestic Violence, 18 U.S.C. §922(g)(9). (Doc. 1). On July 18, 2012 defendant pled guilty without having entered into a plea agreement and on October 29, 2012, he was sentenced to the statutorily imposed mandatory-minimum sentence--180 months--under the Armed Career Criminal Act ("ACCA"). (Docs. 42; 50). Defendant did not file a direct appeal. (Doc. 54 p. 4). On June 3, 2013, defendant timely filed the pending 28 U.S.C. § 2255 motion.

Defendant challenges the ACCA-mandated enhancement to his sentence, arguing that: (a) his prior armed robberies do not meet the ACCA standards; (b) his second degree escape charges do not meet the ACCA requirements for violent felonies[1] and the Court impermissibly looked at

---

[1] 18 U.S.C. §922(g) makes it unlawful for a person previously convicted of any felony or of a misdemeanor crime of domestic violence to possess a firearm. 18 U.S.C. §924(e)(1) provides that anyone convicted of violating 18 U.S.C. §922(g) who "has three previous convictions by any court . . . for a violent felony . . . committed on occasions different from one another . . shall be . . . imprisoned not less than fifteen years . . . ." That sentencing enhancement

the underlying facts in the Presentence Report ("PSR") to determine that the escape charge was a violent felony; and, relatedly, (c) his counsel was ineffective for failing to object to the Court's usage of the PSR as evidence of prior convictions.

**II. Analysis**

**A. Ineffective Assistance of Counsel**

The United States initially argues that because defendant failed to take a direct appeal, he cannot challenge the application of the ACCA. As the United States points out, a collateral attack can only be raised if the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996). However, "[i]f claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Id.* at 506.

Defendant argues that his counsel was ineffective because counsel failed to object to the PSR being used as evidence to satisfy the ACCA, purportedly in violation of *Taylor v. United States*, 495 U.S. 575 (1990)[2] and *Shepard v. United States*, 544 U.S. 13 (2005).[3] The Sixth

---

provision of 18 U.S.C. §924 is known as the ACCA. *See, e.g., United States v. Paige*, 634 F.3d 871, 872 (6th Cir. 2011) ("The Armed Career Criminal Act imposes a mandatory fifteen-year prison term on defendants who have been convicted for a violation of 18 U.S.C. § 922(g) if they have three previous convictions 'for a violent felony or a serious drug offense, or both, committed on occasions different from one another.' 18 U.S.C. § 924(e)(1).").

[2] In *Taylor*, the Supreme Court adopted the "formal categorical approach" whereby a court looks "only to the statutory definitions of the previous offenses, and not to the particular facts underlying those convictions" to determine if a prior offense may properly form the predicate for an ACCA enhancement. 495 U.S. at 600 ("This question requires us to address a more general issue—whether the sentencing court in applying § 924(e) must look only to the statutory definitions of the prior offenses, or whether the court may consider other evidence concerning the defendant's prior crimes. The Courts of Appeals uniformly have held that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions. We find the reasoning of these cases persuasive.") (citations omitted). The Court in *Taylor* permitted "a court sentencing under the ACCA . . . [to] look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial" satisfied the ACCA. *Shepard*, 544 U.S. at 16.

[3] In *Shephard*, the Court held that a sentencing court may not "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for" an offense satisfying the ACCA. 544 U.S. at 16. Instead, "a later court determining the character of an admitted [offense] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.*

Circuit has held "that a district court's use of the factual description of a prior conviction contained in a PSR to determine if the prior conviction is a crime of violence does not adhere to the dictates of *Taylor* and *Shepard*." *United States v. Wynn*, 579 F.3d 567, 575-76 (6th Cir. 2009) (quotation marks omitted). Defendant argues counsel's failure to object to the use of the PSR caused counsel's performance to fall below an objective standard of reasonableness and that, but for this failure, he would not have been sentenced to an ACCA-mandated minimum of 15 years. (Doc. 54 p. 8).

A defendant who violates 18 U.S.C § 922(g) is subject to 18 U.S.C. §924(e) which states that if the Defendant "has three prior convictions . . . for a violent felony, . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . ." 18 U.S.C. §924(e)(2)(B).

After Defendant filed his motion, the Supreme Court decided *Descamps v. United States*, which clarified previous decisions.[4] 133 S.Ct. 2276 (2013). As the Court explained, there are two approaches that have developed to determine whether a conviction is a violent felony under the ACCA: (1) the categorical approach and (2) the modified categorical approach. *Id.* at 2281. The categorical approach compares the elements between the statute used to convict the

---

[4] *Descamps* has not been made retroactive. *See, e.g., Roscoe v. United States*, 2013 WL 5636686, at *11 (N.D.Ala. Oct. 16, 2013) ("*Descamps* was decided on June 20, 2013, approximately two years after Roscoe was sentenced by this court. The Supreme Court has unequivocally stated that 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.' *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review."). However, even if the Court were to apply *Descamps* (which essentially only clarified previous law without really setting forth a marked change in the law), defendant would still not be entitled to relief.

defendant and the generic offense as commonly understood. *Id.* "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* The modified categorical approach focuses on divisible statutes. *Id.* A divisible statute is one that presents alternative elements, one set of which satisfies the ACCA violent felony requirement and one that does not. *Id.* An indivisible statute is one which would not satisfy the ACCA's violent felony requirements no matter which set of alternative elements had been fulfilled. *Id.*

The *Descamps* Court held that when using the modified categorical approach a court can look to determine which alternative set of elements were used to convict the defendant. *Id.* at 2282. For example, in *Shepard*, Massachusetts's burglary statute had alternative elements that would permit someone to be guilty of burglarizing "boats and cars" as well as buildings, but only a burglary into a building would satisfy the ACCA violent felony provision. *Id.* at 2284. The court found that this Massachusetts statute was divisible, and that a sentencing court could look at *Shepard*-approved documents to determine which alternative elements the defendant was charged with--but **not** to determine what the underlying facts actually were. *Id.*

An indivisible statue presented itself in *Descamps*, where the California statute criminalized "a broader swath of conduct than the relevant generic offense," and the Court held that a conviction under the California statute could not be an ACCA predicate offense. *Id.* 2281-82. Therefore, a Court cannot use the modified categorical approach if a statute is indivisible.

Here, defendant argues that his conviction of second degree escape cannot be an ACCA predicate, and even if it sometimes can, the court cannot use the PSR to determine the underlying facts. After examining the record and applicable law, the Court concludes defendant is not entitled to relief.

In Kentucky, a person is guilty of second degree escape when "he escapes from a detention facility or, being charged with, or convicted of a felony, he escapes from custody." KRS 520.030(1). The Sixth Circuit has held that escape in the second degree prohibits a "broad range of conduct" and, accordingly, there are "both violent and non-violent means of violating the statute." *United States v. Stout*, 706 F.3d 704, 707 (6th Cir. 2013) (citing *United States v. Ford*, 560 F.3d 420, 426 (6th Cir. 2009)). Specifically, "Kentucky law divides into at least four categories of escape: leaving custody with the use or threat of force; leaving custody in a secured setting; leaving custody in a non-secured setting by 'walking away'; or failure to report." *Id.*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that. . . is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B)(ii). Because an escape from a secured detention facility inherently "presents a serious potential risk of physical injury to another" the first method of Kentucky's second degree escape statute satisfies the ACCA violent felony definition. *See, e.g., Stout*, 706 F.3d at 708-09 (holding that committing second degree escape via escaping from a secured facility is a crime of violence "based on the substantial risk that offenders who choose to escape from secured settings will engage in physical violence during the course of the escape."). However, committing second degree escape by simply failing to report as ordered would not satisfy the ACCA. Because there are alternate methods of committing the offense, some of which satisfy the ACCA and some of which do not, Kentucky's second degree escape statute is a divisible statute and the Court may therefore use the modified categorical approach to consult "a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S.Ct. at 2281.

*Shepard* holds that police reports and complaint applications cannot be relied upon to determine whether the underlying facts establish that the ACCA applies, while *Wynn* adds that the factual descriptions in a PSR cannot be relied upon. *Shepard*, 544 U.S. at 25-26; *Wynn*, 579 F.3d at 572.[5] A court is limited to the terms of the charging document, plea agreement, or colloquy between the judge and defendant "in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

Here, the United States has presented the indictment charging defendant with second degree escape, count 1 of which states "the above named defendant[s] . . . committed the crime of escape in the 2nd degree in that they escaped from a detention facility, to-wit: the Bourbon County Jail." (Doc. 65-1 p. 3). The Defendant pled guilty to Count 1. (Doc. 65-1 p. 5). Because the *Shepard*-approved record shows that defendant was charged with—and pleaded guilty to—committing second degree escape by escaping from a detention facility, defendant's escape conviction is a violent felony under the ACCA. The Court therefore did not err by sentencing defendant under the ACCA, nor was counsel ineffective for failing to make a meritless argument to the contrary.[6] *See, e.g., Sok v. Romanowski*, 619 F.Supp.2d 334, 363 (W.D.Mich. 2008) ("Petitioner's claim of ineffective assistance of counsel fails because counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel.").

---

[5] *See also United States v. Ferguson*, 681 F.3d 826, 832 (6th Circuit 2012) ("This Court has held that a PSR prepared for a federal district-court sentencing can never be a record of a convicting state court, and thus it may not properly be considered [to determine eligibility for a sentence enhancement]. This Court has cautioned against relying on a PSR's description of the factual circumstances underlying a prior conviction in determining a defendant's eligibility for a sentence enhancement, likening it to descriptions that one might expect to find in a police report or application for criminal complaint. Therefore, the district court erred in relying on the PSR . . . .") (quotation marks and citations omitted).

[6] In fact, the sentencing memorandum prepared by defendant's counsel contains a statement that defendant "acknowledges his criminal history qualifies him as an armed career criminal . . . and makes him thus subject to the fifteen-year mandatory minimum sentence required under that statute." Doc. 48, p. 2 (sealed).

The other two violent felonies can be found in the PSR. *Wynn* states that a PSR cannot be used for its *factual descriptions*, it does not say that a PSR cannot be used to determine the mere existence of a defendant's prior convictions. In fact, it appears the court in *Wynn* used the PSR to determine the defendant's prior convictions. *Wynn*, 579 F.3d at 569-70.

Here, the PSR shows that Defendant was arrested on April 30, 1980 for robbery in the first degree and was convicted on June 13, 1980 in the Mason Circuit Court in Maysville, Kentucky.[7] The PSR also shows that Defendant was arrested on May 5, 1980, and convicted of robbery in the first degree on June 13, 1980 in Fleming Circuit Court in Flemingsburg, Kentucky. Defendant argues that the United States failed to show these two convictions occurred on "different occasions."[8] However, it is apparent they occurred on two occasions as defendant was arrested on separate days for each crime, was convicted by two separate Kentucky courts, and each case has its own criminal case number. Further, Defendant does not argue (and has certainly not even attempted to show) that the robberies actually occurred on the same occasion. Because petitioner has submitted nothing to cast doubt on the conclusion that the robberies occurred on separate occasions, defendant's ineffective assistance of counsel claim concomitantly fails because counsel cannot be deemed ineffective for failing to raise a meritless argument. *See, e.g., Sok*, 619 F.Supp.2d at 363 ("Petitioner's claim of ineffective assistance of counsel fails because counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel.").

---

[7] Defendant concedes that robbery in the first degree is categorically a violent felony under the ACCA. (Doc. 54-1, p. 5).
[8] 18 U.S.C. §924(e)(1) requires the three prior felonies necessary for a defendant to be subject to the enhanced sentence of an armed career criminal to have been "committed on occasions different from one another . . . ."

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that the Defendant's motion to vacate his sentence and request for an evidentiary hearing, (Doc. 54), be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 12th day of November 2013.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge