```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                           at LEXINGTON
```

|                              |   |                                   |
|------------------------------|---|-----------------------------------|
| UNITED STATES OF AMERICA.    | ) |                                   |
|                              | ) |                                   |
|     Plaintiff,               | ) | Action No. 5:11-cr-96-JMH         |
|                              | ) | Action No. 5:13-cv-7280-JMH       |
| v.                           | ) |                                   |
|                              | ) | **MEMORANDUM OPINION AND ORDER**  |
| CHARLES FRYMAN,              | ) |                                   |
|                              | ) |                                   |
|     Defendant.               | ) |                                   |

                        **   **   **   **   **

This matter is before the Court on the Recommended Disposition entered by Magistrate Judge J. Gregory Wehrman [DE 67]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner Charles Fryman's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 [DE 54]. After considering the Government's timely response [DE 65] and the petitioner's reply [DE 66], the Magistrate Judge concluded that Fryman is not entitled to relief because his prior convictions satisfy the elements of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), thus subjecting Fryman to a mandatory minimum sentence of 180 months. The Magistrate Judge filed his

1

Report and Recommendation [DE 67] on November 12, 2013. Fryman timely filed his objections on November 26, 2013 [DE 68], arguing that the indictment, guilty plea and similar documents do not establish the nature of the prior offense, that the district court's reliance on the Presentence Report (PSR) was in error, and, as a result, that he does not qualify for the statutory minimum under the ACCA.[1] Accordingly, this matter is now ripe for review, and this Court shall make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). For the reasons that follow, this Court concludes that Fryman is not entitled to relief.

## I. Background

Defendant was indicted for two counts of Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1), and two counts of Possession of a Firearm after a Misdemeanor Conviction for Domestic Violence, 18 U.S.C. § 922(g)(9). [DE 1]. Anyone convicted of violating 18 U.S.C. §922(g) who "has three previous convictions by any court . . . for

---

[1] Fryman did not object to Judge Wehrman's conclusion that the two prior felony robbery convictions qualify as separate predicate offenses under the ACCA and, therefore, this Court accepts the Report and Recommendation on that issue.

a violent felony . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. §924(e)(1). On July 18, 2012 Fryman pled guilty without entering into a plea agreement and on October 29, 2012, he was sentenced to the statutorily imposed mandatory-minimum sentence under the ACCA, which was 180 months. [DE 42; 50].

## II. Analysis

Fryman did not file a direct appeal, but filed for relief under 28 U.S.C. § 2255 asserting, inter alia, ineffective assistance of counsel. [DE 54 at 4]. He argues that this matter suffers from a "fundamental defect which inherently results in a complete miscarriage of justice" that may be raised for the first time on collateral review. *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) (*citing Reed v. Farley*, 512 U.S. 339, 354 (1994)). Fryman asserts in the instant motion that his claims were "forfeited by virtue of ineffective assistance of counsel," and, therefore, he is "entitled to relief under 2255 subject to the standard of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* Judge Wehrman concluded that, although a direct appeal had not been filed, to the extent that Fryman challenged whether his attorney was ineffective for failing to object to the use of collateral documents to

3

determine whether Fryman's prior escape conviction qualified as ACCA offense, this matter was properly before the Court on a 2255 motion. This Court agrees.

Fryman argues that his counsel was ineffective because counsel failed to object to the PSR being used to show that the prior escape conviction was an ACCA-predicate offense in violation of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). Notably, there was no objection either by Fryman or his counsel at sentencing to the application of the ACCA at all. Importantly, counsel's presentence memorandum conceded that "Mr. Fryman acknowledges his criminal history qualifies him as an armed career criminal pursuant to 18 U.S.C. 924(e)(1)." [DE 48, ID #142.] In light of Fryman's concession through his attorney, the Court did not address the ACCA-qualifying convictions in any detail at sentencing, nor was review of any collateral documentation necessary. Considering Fryman's agreement at the time of sentencing that the ACCA applied, it would appear that Fryman's objection goes to the advice he received from counsel informing his agreement to the application of the ACCA, rather than counsel's failure to object to use of the PSR to determine whether his prior convictions fell within the ACCA definition.

The specific articulation of Fryman's objection, however, is of no import in this instance. Any alleged error made by counsel with respect to the failure to object to the ACCA classification or the alleged reliance on the PSR at the time of sentencing was harmless because Fryman's conviction for escape under Kentucky law qualifies as a violent felony and, thus, his sentence to the mandatory minimum under the ACCA was proper.

A defendant who violates 18 U.S.C § 922(g) is subject to 18 U.S.C. §924(e) which states that if the Defendant "has three prior convictions . . . for a violent felony, . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . ." 18 U.S.C. §924(e)(2)(B).

Kentucky's escape statute states that "[a] person is guilty of escape in the second degree when he escapes from

a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS 520.030(1).

The issue is whether Fryman's escape conviction under KRS 520.030, which does not contain a use-of-force element, and does not fall within the main categories of predicate offenses under the ACCA, "otherwise involves conduct that presents a serious potential risk of physical injury to another" and, thus, qualifies as an ACCA predicate. *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). This determination is guided by whether the crime presents a serious potential risk of violence similar to the crimes listed and whether the crime involves the "same kind of purposeful, violent, and aggressive conduct" as the listed crimes. *Id.* (citations omitted).

Generally, the court applies a categorical approach[2], "meaning that we look at the statutory definition of the

---

[2] The Court notes that the United States Supreme Court, in *Descamps v. United States*, 133 S. Ct. 2276 (2013), recently clarified which types of statutes permit a court to review additional documents to determine whether an offense falls within the ACCA. The *Descamps* Court held that "the modified categorical approach does not apply when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. However, the Court does not apply it here and expresses no opinion as to its applicability in this instance because the United States Supreme Court did not make *Descamps* retroactive to apply to cases on collateral attack. *See United States v. Sanders*, No. 4:03-CR-154, 2013 WL 5707808 at *2 n.25 (N.D. Oh.

6

crime of the conviction, not the facts underlying that conviction, to determine the nature of the crime." *Id.* at 421–22 (citing *Taylor*, 495 U.S. at 602.) However, when applying a statute, such as Kentucky's escape statute, with respect to which "it is possible to violate the law in a way that amounts to a crime of violence and in a way that does not, [the court] may look at the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense." *Id.* (citing *Shepard*, 544 U.S. at 26). Fryman was convicted of second-degree escape, which, in Kentucky, does not include an element of force as one of the explicit elements. Kentucky's statute reads that "[a] person is guilty of escape in the second degree when he escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS 520.030(1). The Sixth Circuit has found that this statute permits convictions of "at least four separate categories of escape: leaving custody with the use of threat of force;

---

October 18, 2013); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH, 2:13-CV-8006-JHH, 2013 WL 5636686 at *11 (N.D. Ala. October 16, 2013) (finding that *Descamps* was not made retroactive and did not apply to a sentencing that had occurred two years prior to the decision in *Descamps*.); *See also Tyler v. Cain*, 533 U.S. 656, 663 (2001)("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.")

7

leaving custody in a secured setting; leaving custody in a non-secured setting by 'walking away'; [and] failure to report." *Ford*, 560 F.3d at 424. Because there are methods of violating the statute that would qualify as a violent felony and methods that would not, such as walking away, courts may look to the indictment, guilty plea and similar documents to establish the nature of defendant's prior offense. *United States v. Stout*, 706 F.3d 704, 706 (6th Cir. 2013) (examining whether second-degree escape constitutes a "crime of violence" under 18 U.S.C. § 16(b), which is more narrow than 19 U.S.C. § 924(e)(2)(B)).

A court is limited to the terms of the charging document, plea agreement, or colloquy between the judge and defendant "in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. Additional documents may be considered in particular circumstances, for instance, the complaint relating to a prior conviction may be considered if the defendant admits to the facts therein during the plea colloquy. *United States v. Amos*, 496 F. App'x 517, 522–23 (6th Cir. 2012) (citing *United States v. Kappell*, 418 F.3d 550, 558 (6th Cir. 2005)). However, generally, the presentence report, complaint and police report may not be relied upon.

*Shepard,* 544 U.S. at 25—26; Wynn, 579 F.3d at 572; *United States v. Ferguson*, 681 F.3d 826, 832 (6th Cir. 2012).

At the time of sentencing, Fryman agreed that he was subject to the mandatory minimum under the ACCA and, therefore, it was unnecessary to review any additional documentation to establish whether his escape qualified as a violent felony. Following the filing of this motion, however, the United States submitted additional documentation to the Court demonstrating that the facts underlying Fryman's conviction qualify it as a predicate violent felony under the ACCA. While the United States argues that the Court may consider the criminal complaint, it has not produced any evidence that Fryman specifically admitted the facts as described therein, so the complaint would not fall within the approved documents capable of this Court's review as discussed in *Amos*, 496 F. App'x at 523.

The United States has, however, presented the indictment charging defendant with second degree escape, and the indictment proves dispositive of Fryman's argument. Count 1 of the indictment states "the above named defendant[s] . . . committed the crime of escape in the 2nd degree in that they escaped from a detention facility, to-wit: the Bourbon County Jail." (DE 65-1 at 3). Fryman

9

pleaded guilty to Count 1. (DE 65-1 at 5). Fryman also pleaded guilty to Count 4, Assault in the second degree. In Count 4, the indictment states that:

> On or about the 12th day of September, 1983, in Bourbon County, Kentucky, the above named defendant and Paul Wayne McKenney committed the crime of assault in the 3rd degree when with recklessness they caused or attempted to cause physical injury to a state, county, city, or federal peace officer or probation or parole officer by means of a deadly weapon or a dangerous instrument, to-wit: Deputy Robert Holleran

[DE 65-1 at 3-4.]

Fryman pleaded guilty to both of these counts. The description in the indictment, therefore, establishes that Fryman's escape was not a walk away, or other non-violent offense, but instead used force against an officer during the course of the escape itself.

As a result, the Court did not err by sentencing Fryman under the ACCA, nor was counsel ineffective for failing to make a meritless argument to the contrary. *Grays v. Lafler*, 618 F.Supp.2d 736, 743 (W.D. Mich. 2008)("[C]ounsel has no constitutional duty to raise futile or meritless arguments.").

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Fryman must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Fryman's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED:**

(1) that the Recommended Disposition of Magistrate Judge J. Gregory Wehrman [DE 67] is **ACCEPTED** and **ADOPTED in part** and **REJECTED in part,** as more fully described herein;

(2) that Defendant's Motion to Vacate his Sentence and Request for Evidentiary Hearing [DE 54] is **DENIED**; and

(3) that no certificate of appealability will issue.

This the 23rd day of January, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge