UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
at LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Plaintiff, | ) Action No. 5:11-cr-96-JMH |
| | ) Action No. 5:14-cv-7336-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| CHARLES FRYMAN, | ) |
| | ) |
| Defendant. | ) |

** ** ** ** **

This matter is before the Court on Defendant Charles Fryman's Motion to Reopen a Previous Proceeding under 28 U.S.C. § 2255 [DE 71], pursuant to Fed. R. Civ. P. 60(b). Due to the nature of the basis of Fryman's motion, it will not be construed as a second or successive § 2255 petition. For the reasons that follow, however, Fryman is not entitled to relief.

**I. Background**

Fryman was indicted for two counts of Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1), and two counts of Possession of a Firearm after a Misdemeanor Conviction for Domestic Violence, 18 U.S.C. § 922(g)(9).

1

[DE 1]. Under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), anyone convicted of violating 18 U.S.C. §922(g) who "has three previous convictions by any court . . . for a violent felony . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. §924(e)(1). Fryman's criminal history included three ACCA-qualifying convictions, two prior armed robberies and one second degree escape charge. On July 18, 2012, Fryman pled guilty without entering into a plea agreement and, on October 29, 2012, he was sentenced to the statutorily imposed mandatory-minimum sentence under the ACCA, which was 180 months. [DE 42; 50].

Fryman subsequently filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 [DE 54] arguing that his counsel was ineffective for failing to object to the Court's use of the presentence report (PSR) to determine that Fryman's prior convictions fell within the ACCA. Following briefing of the issues raised, the Magistrate Judge entered a Report and Recommendation [DE 67] on November 12, 2013, concluding that Fryman was not entitled to relief because his prior convictions satisfy the elements of the ACCA, thus subjecting Fryman to a

2

mandatory minimum sentence of 180 months. Fryman timely filed his objections on November 26, 2013 [DE 68].

This Court reviewed the Report and Recommendation de novo on those issues "in the report or specified proposed findings or recommendations to which objection [were] made." 28 U.S.C. § 636(b)(1)(C). This Court read Fryman's Objections to only develop an argument against Judge Wehrman's conclusion that the district court relied on the appropriate documents, as approved in *Shepard v. United States*, 544 U.S. 13 (2005), to determine that Fryman's escape conviction qualified as a violent felony under the ACCA. This Court agreed that the record sufficiently demonstrated, through the use of documents approved by *Shepard*, that Fryman's conviction for escape qualified as a violent felony and entered an opinion and judgment to that effect on January 23, 2014. [DE 69, 70].

Fryman subsequently filed this motion for Rule 60(b) relief. This Court, Fryman argues, incorrectly stated in the original Memorandum Opinion and Order [DE 69] that Fryman did not object to Judge Wehrman's conclusion that the record provided a sufficient basis for the district court to conclude that Fryman's two prior robbery convictions were committed on separate occasions and, thus, qualify as two separate ACCA-qualifying convictions. [DE

69 at 2, n. 1]. Because Fryman timely objected regarding that issue, this Court was required to review Judge Wehrman's recommendation de novo and this Court's failure to provide de novo review, Fryman argues, is a mistake justifying relief under Rule 60(b).

A motion under Rule 60(b) should not be treated as a second or successive petition where the "motion attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005); *In re Nailor*, 487 F.3d 1018, 1021—23 (6th Cir. 2007) (discussing the application of *Gonzalez*). Since Fryman challenges this Court's mistake in accepting Judge Wehrman's recommendation on the two separate predicate robberies without affording the appropriate review, this Court finds that he is not setting forth a claim but challenging the integrity of the habeas proceeding. Accordingly, Fryman's motion will be treated as a request for relief under Rule 60(b) rather than a second or successive habeas petition.

**II. Analysis.**

"Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). To the extent

4

that Fryman objected to Judge Wehrman's conclusion that the record properly established the two prior felony robbery convictions qualify as separate predicate offenses under the ACCA, this Court will review that determination de novo. 28 U.S.C. § 636(b)(1)(C).

A defendant who violates 18 U.S.C § 922(g) is subject to 18 U.S.C. §924(e) which states that if the Defendant "has three previous convictions . . . for a violent felony, . . . *committed on occasions different from one another,* such person shall be . . . imprisoned not less than fifteen years . . . ." (emphasis added). "To trigger a sentence enhancement under the ACCA, a defendant's prior felony convictions must involve separate criminal episodes." *United States v. Martin*, 526 F.3d 926, 938 (6th Cir. 2008) (citations omitted). "Offenses are considered distinct criminal episode if they occurred on occasions different from one another[,]" which may be established "if it is possible to discern the point at which the first offense is completed and the second offense begins." *Id.* at 939 (internal quotations omitted) (citations omitted).

Fryman argues that his counsel was ineffective because counsel failed to object to this Court's use of the PSR to show that his two prior robbery convictions were committed on different occasions and, therefore, qualified as two

5

separate ACCA-predicate[1] offenses, in violation of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). A court is limited to the terms of the charging document, plea agreement, or colloquy between the judge and defendant "in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine the nature of the offense. *Shepard*, 544 U.S. at 26. To determine whether two offenses occurred on separate occasions, Fryman argues, requires that the court examine the nature of the offense. In support of his argument, Fryman relies on findings of the Eleventh, Fifth and Fourth Circuits. *United States v. Sneed*, 600 F.3d 1326, 1332—33

---

[1] At the time of sentencing, Fryman, through counsel, agreed that he was subject to the mandatory minimum under the ACCA. Therefore, it was unnecessary to review any additional documentation to establish that the two robberies were separate predicate offenses. *United States v. Vonner,* 516 F.3d 382, 385 (6th Cir. 2008) ("By failing to object to the presentence report, [a defendant] accept[s] all of the factual allegations contained in it."). He now argues that his counsel was ineffective for not objecting to the PSR. Counsel's presentence memorandum conceded that "Mr. Fryman acknowledges his criminal history qualifies him as an armed career criminal pursuant to 18 U.S.C. 924(e)(1)." [DE 48, ID #142.] Considering Fryman's agreement at the time of sentencing that the ACCA applied, it would appear that Fryman's objection goes to the advice he received from counsel informing his agreement to the application of the ACCA, rather than counsel's failure to object to use of the PSR to determine whether his prior convictions fell within the ACCA definition.

(11th Cir. 2010); *United States v. Fuller*, 453 F.3d 274, 279-80 (5th Cir. 2006); *United States v. Boykin*, 669 F.3d 467, 470—72 (4th Cir. 2012). He does not contest that the robberies qualify as violent offenses under the ACCA, only that the documents are insufficient to show that the robberies occurred on separate occasions.

The Sixth Circuit has indicated that relying on the PSR to determine the "times, dates, and locations of all the crimes, including the two robberies at issue" to determine that two offenses occurred on separate occasions was not reversible error. *United States v. Wilder*, 161 F. App'x 545, 552 (6th Cir. 2006) (unpublished opinion); *United States v. Wyatt*, 189 F. App'x 418, 421 (6th Cir. 2006) (noting that "[D]eterminations by a district court that prior felony convictions exist and were committed on different occasions are so intimately related that the 'different occasions' requirement [of the ACCA] sufficiently comes within the exception in *Apprendi* for a prior conviction." (quoting *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004)) (unpublished opinion). However, the Sixth Circuit has not followed a consistent rule. On some occasions, the PSR has been sufficient to determine that two robberies occurred on two different dates and were, therefore, separate offenses. *United*

*States v. Terry*, 284 F. App'x 242, 247 n. 4 (6th Cir. 2008) ("[A]at the very least, the offenses occurred three days from one another; according to the revised PSR, they occurred more than two weeks from one another") (unpublished opinion); *See United States v. Wynn*, 579 F.3d 567, 569—70 (6th Cir. 2009). On other occasions, the courts in the Sixth Circuit have relied on *Shepard*-approved documents to determine the facts relevant to whether prior offenses occurred on separate occasions. *See United States v. Jones*, 453 F.3d 777, 780 (6th Cir. 2006) (limiting its consideration of the facts to *Shepard*-approved documents); *United States v. Shelton*, 290 F. App'x 776, 780 (6th Cir. 2008) (unpublished opinion) ("We conclude that the evidence the court could examine under *Shepard* supports finding at least two separate ACCA predicate offenses occurred on March 20, so we affirm."); *United States v. Stanton*, No. 3:07-CR-117, 20ll WL 2850935 (M.D. Tenn. Sept. 1, 2009) (unpublished opinion).

This Court need not reconcile these cases or resolve the ultimate issue of whether courts are limited to *Shepard*-approved documents to determine whether offenses occurred on separate occasions. In this instance, the Court need not look beyond the facts of the conviction

evident in the PSR to determine that the robberies occurred on separate occasions.

Although the district court may not rely on the PSR to establish the "specific nature" of a conviction, the fact of the conviction may be demonstrated by the PSR. *Wynn*, 579 F.3d at 571; *United States v. Hockenberry*, 730 F.3d 645, 666–67 (6th Cir. 2013). Judge Wehrman concluded, and this Court agrees, that the fact of the conviction, as evidenced by the PSR in this case is sufficient to demonstrate that the robberies themselves were separate.

The PSR shows that Defendant was arrested on April 30, 1980 and was convicted on June 13, 1980 in the Mason Circuit Court in Maysville, Kentucky for robbery in the first degree. The PSR also shows that Defendant was arrested on May 5, 1980, and convicted of robbery in the first degree on June 13, 1980 in Fleming Circuit Court in Flemingsburg, Kentucky. The convictions for the robberies occurred on the same days, but the underlying robberies occurred in different venues and the arrests were on different days. "The relevant factor for determining the number of predicate offenses under the ACCA is not the date of conviction for those predicate offenses, but the date that the defendant committed the offense for which he is subsequently convicted." *Martin*, 526 F.3d at 939 (quoting

9

*United States v. Roach*, 958 F.3d 679, 683 (6th Cir. 1992)). "[E]ven when convictions 'were sentenced on the same day, they count separately for purposes of calculating an ACCA enhancement.'" *Hockenberry*, 730 F.3d at 667 (quoting *United States v. Kearney*, 675 F.3d 571, 575 n.5 (6th Cir. 2012)). "So long as two criminal offenses are 'committed on occasions different from one another,' the fact that they are adjudicated together is of no consequence to whether they are separate offenses under § 924(e)(1)." *Terry*, 284 F. App'x at 247.

That these robberies occurred in two different counties is sufficient to demonstrate that they occurred on two different occasions. *See United States v. Hill*, 440 F.3d 292, 298 (6th Cir. 2006)(holding that burglaries of two victims' properties located across the street from each other, committed on the same day, qualified as offenses "on occasions separate from one another."); *United States v. Maness*, 23 F.3d 1006, 1010 (6th Cir. 1994) ("offenses committed by a defendant at different times and places and against different victims . . . should be counted as separate predicate convictions under [the ACCA]"). These robberies occurred on two occasions as defendant was arrested on separate days for each crime, was convicted by two separate Kentucky courts, and each case has its own

criminal case number.  In this case, the Court need not investigate the "nature" of the offenses any further to determine whether they occurred on the same occasion.  It is clear from the separate arrest dates and courts of conviction that they were not.  Further, Fryman has not argued that these robberies occurred on the same occasion.  Instead, he has only argued that it was error for his attorney to allow the Court to rely on the PSR to establish that they occurred on separate occasions.

Any alleged error made by counsel with respect to the failure to object to the ACCA classification or the alleged reliance on the PSR at the time of sentencing was harmless because Fryman's prior convictions for robberies occurred on separate occasions.  Because his prior convictions qualified under the ACCA, his sentence to the mandatory minimum was proper. As a result, the Court did not err by sentencing Fryman under the ACCA, nor was counsel ineffective for failing to make a meritless argument to the contrary. *Grays v. Lafler*, 618 F. Supp. 2d 736, 743 (W.D. Mich.  2008)("[C]ounsel has no constitutional duty to raise futile or meritless arguments.").

Further, no certificate of appealability shall issue in this matter.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing

11

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Fryman must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Fryman's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED** that Defendant Charles Fryman's Motion to Reopen a Previous Proceeding under 28 U.S.C. § 2255 [DE 71], pursuant to Fed. R. Civ. P. 60(b) is **DENIED. IT IS FURTHER ORDERED** that the civil case, 5:14-cv-7336-JMH-EBA, which was opened by the clerk as a § 2255 matter, **SHALL** be **STRICKEN FROM THE ACTIVE DOCKET**.

This the 10th day of April, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge